**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4957**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

TERRANCE ANDRE BUTLER, a/k/a Bronc,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:07-cr-00281-HMH-1)

─────────

Submitted:  April 22, 2009         Decided:  June 11, 2009

─────────

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Beattie B. Ashmore, PRICE, ASHMORE & BEASLEY, P.A., Greenville, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Andre Butler appeals his conviction and sentence for possession with intent to distribute crack cocaine, possession of a firearm by a felon, and use of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) (2006), 18 U.S.C. §§ 922(g), 924(c) (2006). On appeal, Butler contends that his trial counsel was ineffective, citing the entry of Butler's guilty plea only five weeks after his indictment, counsel's failure to file a suppression motion, counsel's initial failure to review the presentence investigation report ("PSR") with Butler, counsel's failure to object to the PSR, and the rudimentary and imprecise motion filed by Butler's counsel to withdraw Butler's guilty plea. We affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2008). See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). This rule affords counsel "adequate opportunity to explain the reasons surrounding the action or inaction to which [the defendant] takes exception." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (internal quotation marks and

2

citation omitted). An exception to this general rule exists when the record conclusively establishes counsel's ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

In order to succeed on a claim of ineffective assistance, defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, a defendant must demonstrate that counsel's performance was unreasonable under "prevailing professional norms." Id. at 688. This court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong of Strickland in the context of a conviction following a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A reasonable probability is one sufficient to "undermine confidence" in the outcome. Strickland, 466 U.S. at 694. Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. Id. at 697.

3

The record in this case does not conclusively demonstrate ineffective assistance by Butler's counsel. That Butler's guilty plea was entered one month after his indictment does not, in itself, demonstrate counsel's ineffectiveness. Similarly, the record does not reveal any grounds for a motion to suppress, or counsel's reasons for failing to file such a motion. Though Butler challenges counsel's failure to object to the PSR, he does not identify any objectionable material. The record also demonstrates that counsel reviewed the PSR with Butler before the hearing at which Butler was sentenced. Finally, Butler can show no prejudice from counsel's skeletal motion to withdraw Butler's guilty plea. In addressing Butler's motion, the district court indicated that its concern was not with the lack of authority supporting the motion but with the fact that it contradicted Butler's sworn assertions during the plea colloquy.

As the record fails to conclusively establish any ineffective assistance on counsel's part, we decline to address this claim on direct appeal. We accordingly affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately expressed in the materials before us and further argument would not aid the decisional process.

AFFIRMED

4